North American Coal Corporation and Old Republic Companies, Petitioners *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board, Gus H. Rager and Commonwealth of Pennsylvania, Respondents.

Argued September 15, 1978, before Judges CRUM-
LISH, JR., WILKINSON, JR. and CRAIG, sitting as a panel
of three.

*George H. Thompson,* with him *Paul E. Sutter,* and
*Hirsch, Weise & Tillman,* for petitioners.

*Blair V. Pawlowski,* for respondent, Rager.

*Sandra S. Christianson,* Assistant Attorney Gen-
eral, for Commonwealth.

OPINION BY JUDGE CRUMLISH, JR., January 2, 1979:
The North American Coal Corporation (Employ-
er), its insurance carrier, and the Commonwealth of
Pennsylvania appeal a decision of the Workmen's
Compensation Appeal Board (Board) which affirmed
a referee's compensation award to Gus H. Rager
(Claimant).

The narrow issue is whether Claimant has proved by substantial evidence that his total disability resulted in whole or in part from exposure to coal dust subsequent to June 30, 1973 as required by Section 301(c)(2) of The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §411(2).[1]

There is no dispute that Claimant is totally and permanently disabled by coal worker's pneumoconiosis contracted as a result of his continuing exposure to coal dust, having worked in the coal industry for 43 years. That career ended on July 6, 1973, after having worked for Employer for approximately four years. The controversy arises because Claimant visited his physician on May 10, 1973 and it was the physician's opinion at that time (which was not communicated to Claimant until July 17, 1973) that the deteriorating effects of the lung disease had already become totally disabling, notwithstanding the fact that Claimant was able to continue working from May 10, 1973 to July 6, 1973.[2]

---

[1] Section 301(c)(2) of The Pennsylvania Workmen's Compensation Act, 77 P.S. §411(2), reads in pertinent part:

> (2) The terms 'injury,' 'personal injury,' and 'injury arising in the course of his employment,' as used in this act, shall include, unless the context clearly requires otherwise, occupational disease as defined in section 108 of this act. . . . The provisions of this paragraph (2) shall apply only with respect to the disability or death of an employe which results in whole or in part from the employe's exposure' to the hazard of occupational disease after June 30, 1973 in employment covered by The Pennsylvania Workmen's Compensation Act.

[2] Thus, permitting recovery pursuant to Article I, Section 1 of The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §1 et seq., rather than pursuant to Section 101 of The Pennsylvania Occupational Disease Act, Act of June 21, 1939, P.L. 566, *as amended,* 77 P.S. §1201 et seq.

On the basis of all the evidence presented, the referree concluded that Claimant was totally and permanently disabled on July 7, 1973 (here, the date of loss of earning power) as a result of his occupationally acquired lung disease. The Board affirmed without taking additional evidence.

We agree.

The Administrative Agency Law, 2 Pa.C.S. §704, limits our scope of review to a determination of whether constitutional rights have been violated, an error of law committed, or whether any necessary finding of fact was unsupported by substantial evidence.

Employer argues that the referee erred in awarding benefits on the mere finding that Claimant had exposure to coal dust after June 30, 1973, contending that the medical evidence established that Claimant was totally disabled on May 10, 1973.

The Commonwealth, in turn, argues that there was a lack of substantial evidence presented on the relationship between Claimant's anatomical disability and the subsequent exposure to coal dust.

Both of these contentions are without merit.

It is undisputed that Claimant's physician was of the opinion that as of May 10, 1973, Claimant had reached the limit of his physical endurance. It is equally undisputed that Claimant was able to continue working until July 6, 1973, which indicates he had some physical endurance left which enabled him to carry on his job. However, since the physician unequivocally stated that subsequent exposure continuing until July 6, 1973, would add to the disease and because Claimant testified that he was forced to quit his job because of breathing difficulties which nearly caused him to pass out on several occasions, we are convinced that there is substantial evidence to indicate that the added exposure contributed to the total disability.

Accordingly, we

ORDER

AND NOW, this 2nd day of January, 1979, the decision of the Workmen's Compensation Appeal Board dated July 8, 1977, affirming the referee's award of compensation to Gus H. Rager is hereby affirmed.